PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**F I L E D**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE _____WESTERN_____ DISTRICT OF TEXAS
_____SAN ANTONIO_____ **DIVISION**

NOV 3 0 2020

CLERK, U.S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

_ROGER EUGENE FAIN, TDCJ-CID #00700474_
Plaintiff's Name and ID Number

JOHN B. CONNALLY UNIT
_899 FM 632, Kenedy, Texas 78119-4516_
Place of Confinement

CASE NO. _5:20-CV-01149-DAE_
(Clerk will assign the number)

v.

BOBBY LUMPKIN, (DIRECTOR, TDCJ-CID)
_P.O. Box 99, Huntsville, Texas 77342_
Defendant's Name and Address

SENIOR WARDEN PHONSO J. RAYFORD
_J.B. Coonally Unit, 899 FM 632, Kenedy, TX 78119_
Defendant's Name and Address

CHAPLAIN CASEY KELLUM, REGIONAL CHAPLAIN, Beeville, TX 78102
RAUL ADRADE, (Current Native American Contract Chaplain, TDCJ).
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE  AND  WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.   In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.   If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*.  In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.   The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."    *See* 28 U.S.C. § 1915. Thus, the court is required to  assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4.   If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

   A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? xx YES ___ NO

   B.  If your answer to "A" is "yes", describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

      1.  Approximate date of filing lawsuit:  08/29/2003

      2.  Parties to previous lawsuit:

         Plaintiff(s)  Roger Eugene Fain

         Defendant(s)  Danny LeMay; Austex Wrecker Service; & City of Round Rock

      3.  Court: (If federal, name the district; if state, name the county.)  WESTERN/AUSTIN DIVISION

      4.  Cause number:  1:03-CV-541-SS

      5.  Name of judge to whom case was assigned:  Honorable Sam Sparks

      6.  Disposition: (Was the case dismissed, appealed, still pending?)  Dismissed

      7.  Approximate date of disposition:  06/29/2003

Rev. 05/15

1.   Filing Date: November 3rd 2014
2.   Parties:  Roger Eugene Fain, Petitioner
              William Stephens, Director, TDCJ-CID Defendant
3.   Court: Northern District, Fort Division
4.   Cause Number:  4:14-CV-893 O  (28 U.S.C. §2254)
5.   Name of Judge:  Honorable Reed O'Connor
6.   Disposition: Dismissed
7.   Date of Disposition: 08/21/2019


1.   Filing Date:  03/01/2019
2.   Parties:  Roger Eugene Fain, Petitioner
              Lorie Davis, Director, TDCJ-CID, Defendant
3.   Court: Western District/Austin Division
4.   Cause Number: 1:19-CV-00209-RP (28 U.S.C. §2254)
5.   Name of Judge:  Honorable Robert Pitman
6.   Disposition:  Dismissed
7.   Date of Disposition: 07/23/2019

II.   PLACE OF PRESENT CONFINEMENT: John B. Connally Unit, Karnes County, Texas

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?        xx YES        ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Roger Eugene Fain, TDCJ-CID #00700474

John B. Connally Unit, 899 FM 632, Kenedy, Texas 78119-4519

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Bobby Lumpkin, Director TDCJ-CID, P.O. Box 99, Huntsville, TX 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He is, as Director, denying me my 1st Amendment Rights guaranteed by the U.S. Const.

Defendant #2: Phonso J. Rayford, Senior Warden, Connally Unit, TDCJ-CID, 899 FM 632

Kenedy, Texas 78119-4516

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Denying me my 1st Amendment Rights guaranteed by the U.S. Constitution

Defendant #3: Casey Kellum, Senior Chaplain, Region 4, TDCJ-CID, 965 Ofstie Street

Beeville, Texas 78102-8986

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Denying me my 1st Amendment Rights guaranteed by the U.S. Constitution

Defendant #4: Russell Briley, Senior Chaplain, Connally Unit, TDCJ-CID, 899 FM 632

Kenedy, Texas 78119-4516

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Denying me my 1st Amendment Rights guaranteed by the U.S. Constitution

Defendant #5: Raul Adrade, Native American Contract Chaplain, TDCJ-CID, (address

not available to me), Contact Information:(713)470/7206 /(832)747-3050

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Denying me my 1st Amendment Rights guaranteed by the U.S. Constitution

Rev. 05/15

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

I am a Native American Indian by heritage, I have applied for, and received acknow- ledge from TDCJ that they have accepted this fact.  I am in the process of learning of my Heritage, Culture, & Customs, one of which is growing my hair.  I begun my case one the Stiles Unit, was transferred to the Connally Unit on 9/10/20, because it is designated as a Native American Unit.  Upon arrival, I begun getting harassed due to the length of my hair, COVID 19 distancing is mandated, but I have been told to cut my hair.  I have repeatedly attempted to informally resolve this matter, having in- volving all of the Defendant's listed.  Director Lumpkin is named as a Defendant solely due to his Official Position.  (SEE Attached Documents related to the Defendants)

VI.  RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

I am not attempting to make any type of statement, nor bucking the system, all I wish to do is practice my religion, culture, heritage & customs, i.e. growing my hair long.

VII.  GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

Roger Eugene Fain; Roger Fain; Roger Eugene Fain, Jr.

B.  List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
Florida Department of Corrections, #050318; TDCJ-CID #00603982; #00700474; Department of Public Safety, Texas, #04497012; FBI N/A

VIII.  SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES xx NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1.  Court that imposed sanctions (if federal, give the district and division): _____

  2.  Case number: _____

  3.  Approximate date sanctions were imposed: _____

  4.  Have the sanctions been lifted or otherwise satisfied?           ____YES ____NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?        _____ YES  xx NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____

    2. Case number: _____

    3. Approximate date warning was issued: _____

Executed on: 11/24/2020
          DATE

Roger Eugene Fain

(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

    1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

    2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

    3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

    4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

    5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____ 24th _____ day of _____ November _____, 20 20 _____.
          (Day)            (month)       (year)

Roger Eugene Fain

(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

November 24th 2020.

Ms. Jeannette J. Clack, Clerk
USDC Western District
San Antonio Division
655 E. Cesar E. Chavez Blvd., Ste. G-65
San Antonio, TX 78206

RE:  5:20-CV-01149-DAE - Roger Eugene Fain v. Bobby Lumpkin, TDCJ, et al

Dear Ms. Clack,

    Please find enclosed a 42 U.S.C. § 1983 Civil Action Aoolication with a
Memorandum In Support, and one copy of same that I wish to file with the Court
concerning this matter.

    I have also enclosed the first page of the § 1983 as well as the first
page of the Memorandum In Support that I would like to have file stamped and
returned to me, I have enclosed a SASE for your convenience to return both to
me.

    I appreciate your assistance and consideration in this matter, thank you.


Sincerely,

Roger Eugene Fain
TDCJ-CID #00700474
John B. Connally Unit
899 FM 632
Kenedy, Texas 78119-4516

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROGER EUGENE FAIN,
                    Plaintiff,

vs.                                        CIVIL ACTION NO: 5:20-CV-01149

BOBBY LUMPKIN, DIRECTOR,
TDCJ-CID ET.AL,
                    Defendants.

MEMORANDUM IN SUPPORT OF
A CIVIL ACTION PURSUANT TO 42 U.S.C. § 1983

TO THE JUSTICE OF SAID COURT:

COMES NOW, ROGER EUGENE FAIN, [FAIN], Plaintiff Pro Se, in the above-styled and numbered Cause, and presents to this Honorable Court Fain's Memorandum In Support Of A Civil Action Pursuant To 42 U.S.C. § 1983.  In support of this filing, Fain would hope to present to this Honorable Court the following:

Fain wishes to express his reluctance in having to bring this matter before this Honorable Court when Fain believes that it is unnecessary due in part to the fact that this matter has already been brought to another District Court of equal authority, and has been decided.  SEE Goodman v. Davis, Civil Action No: 2:12-CV-00166, U.S.D.C. - S.D. Texas, January 24th 2019.

Furthermore, Fain wishes to state that he has, for the record, made many attempts at informally resolving this matter with the following TDCJ Departments; State Classification, Huntsville, Texas; TDCJ Religious Services, Huntsville, Texas; Region 4 Chaplaincy, Beeville, Texas; Senior & Assistant Wardens, John B. Connally Unit, Kenedy, Texas; Senior Chaplain, John B. Connally Unit, Kenedy, Texas.  With the ecception of the Unit's Chaplain, Russell Briley, Fain has received virtually no response, save a Step-1 Grievance Response, [See Attached Document].

All of the named Defendants, with the exception of Director Bobby Lumpkin, having been named only due to his Official capacity as the Director of TDCJ, have had something to do with Fain's pursuit of this matter before this Honorable Court.  This matter is brought forth based on these Defendant's denying and violating established, applicable Law based upon the 1st, 14th Amendments to the United States Constitution, and the 6th Amendment of the Texas Constitution.

Pursuant to Paragraph V. STATEMENT OF CLAIM of the Application for 42 U.S.C. § 1983, where it states, "Describe how each defendant is involved."  Fain will attempt to explain how each and everyone of the defendant's are involved in denying Fain his right to practice his Heritage, Culture, & Customs.

Whereas in the Goodman, supra case, where Plaintiff's Goodman, Cobbs & Casey agrued that they were being denied to properly worship their religion pursuant to the 1st Amendment, United States Constitution, and referencing the Religious Land Use & Institutionalized Persons Act, [RLUIPA]; Religious Freedom Restoration Act, [RFRA], Fain would also like to expand on, and argue the issue of the defendant's, in their Official capacities, have not only violated both of the Texas & United States Constitutions, they have Fain believes knowingly, deliberately, with deliberate indifference discriminated against a Minority, Ethnic Group, i.e. Native American Indians, that is recognized under both the RLUIPA & RFRA.

In the instant cause, Fain has under gone TDCJ's necessary requirements to show that he is sincere in his request for Religious Accommodation.  Fain has under took the steps that TDCJ requires, such as taking a written test to demonstrate his sincerity and knowledge of Native American Culture & Customs, (Fain has repeatedly requested a copy of the test results from the Chapel/Chaplain, to date has been ignored).  To Fain's understanding and knowledge, no other Religion has to undergo any type of testing to qualify or justify their religious

beliefs or standings.

Fain began his notification to TDCJ concerning his desire to be able to fully practice his Heritage, Culture & Customs, by doing a A.D. 07.30, Attachment A, Request For Religious Accommodation, [See Attached Documentation].  Due to his Native American Religion, Fain was transferred from the Stiles Unit in Beaumont, Texas, to the Connally Unit, in Kenedy, Texas, on September 10th 2020, Connally Unit being one of ten Units in the system designated as Native American Unit, this was done to accommodate Fain.

Upon arriving on the Connally Unit, Fain was within two weeks harassed, and threatened with disciplinary action, so as to protect himself, Fain petitioned the Southern District Court for a "Injunction" to prevent TDCJ from forcing Fain to cut his hair, thus violating the 1st Amendment Right of Freedom of Religion. This matter was transferred to this Honorable Court, and was Ordered on September 30th 2020 that Fain file a IFP and/or pay the filing fee.  This matter has been accomplished.

Fain also began the process of filing a Grievance, [See Attached Document, Grievance #2021010196].  On 11/03/20, Fain received a Notice Of Extension for 40 days, [See Attached Document], yet, on 11/05/20 Fain received the Step-1 back, answered by the Unit, Senior Warden Phonso J. Rayford, in his Response, Warden Rayford states: "...that this matter has been forwarded to Huntsville for processing."  This is not the proper procedure for the Grievance process, Step-1 to the Unit, (Step-1 Response) attached to Step-2 to Regional Office.  Warden Rayford has the authority to "grant or Deny" grievances, "It is the Warden's discretion to allow Offender's to wear beards for religious accommodation). Senior Warden P.J. Rayford is named as a Defendant.

On October 1st 2020, due to Fain's Step-1 Grievance, Senior Unit Chaplain, Russell Briley came to investiagte Fain's Grievance, Chaplain Briley interviewed Fain, asked questions, and asked what Fain was requesting, the answer was to be

allowed to grow his hair and wear it loose as other Offender's,(Goodman, Casey & Cobbs), were allowed.  Chaplain Briley informed Fain then that their lawsuit "was not" a class action lawsuit, and since Fain was not a party to the suit was not permitted to grow his hair.  Fain then reminded Chaplain Briley that the Muslim lawsuit wear Muslim's were allow to grow their beards for religious accommodation was not a class action, he stated, "Well that's them, this is about you."

Chaplain Briley then instructed Fain to submit a A.D. 07.30, Attanchment A Fain then told Chaplain Briley that he had already done so on the Stiles Unit, he informed Fain that it wasn't in the file.  So Fain did another Accommodation request, [See Attched Document(s)].

Senior Unit Chaplain Russell Briley is a Defendant.

On October 15th 2020, Fain wrote to Region 4 Senior Chaplain, Casey Kellum, [See Attached Document], attempting to resolve this matter before Fain received any disciplinary action, to this letter, and a subsequent letter written on October 22nd, 2020, [See Attached Document], which was written to express Fain's doubts that Chaplain Briley was acting in good faith concerning Fain signing a blank Religious Accommodation, Fain has never received any acknowledgement to any of his letters.

Region 4 Senior Chaplain Casey Kellum is a Defendant.

October 28th 2020, Chaplain Briley returned to interview Fain, and with him he had two copies of Fain's October 1st Religious Accommodation, [See Attached Documents].  What is shown on both of these Accommodations are notations along the boundaries with what Fain was told by Chaplain Briley were "suggestions" by Chaplain Kellum for Fain to redo yet another Religious Accommodation, which Fain did, but in his own words. [See Attached Document].

What is ironic to Fain, is the fact that along in the paperwork that Chaplain Briley left Fain was a copy of A.D. 07.30, Attachment B, Religious Practice Issue

Assessment, this is TDCJ's Chaplaincy's response to Fain's Attachment A. [See Attached Document].  This Attachment B was dated on October 15th 2020, and was signed off on by the current TDCJ Native American 'Contract' Chaplain, Raul Adrade.

In Attachment B, Summarixe religious authorities perspective on the requested religious accommodation: "Both Van & Adrade stated that they had never heard that growing long hair was for any spiritual purposes rather for only those reasons stated above; personal identity, strenght, promotes self-esteem, self-respect. a sense of belonging and a healthy sense of pride.  Chaplain Adare stated 'many free-world' Native American believers have short hair."

The reasons stated, self-esteem, self-respect, personal identity, isn't all that also based on who a Native American is??  Heritage? Culture? Customs?  To believe in ones self and woth?  Ironically, every Wednesday morning, the Chaplain plays a recording on TV,(this practice is for all religious services due to COVID 19), at no time during these presentations, the "teachers" who preach the service, instruct in the ways of the Native American belief, do any of them have short hair, nor do they have beards.

Current TDCJ Native American Contract Chaplain, Raul Adare is a Defendant.

It is(Attachment's A & B)clearly indicate in what direction TDCJ 'Employees" in the Chaplaincy are attempting to do, and that is to manipulate Fain into some direction that will support a negative response.  Furthermore, it seems to Fain that the direction the Chaplaincy is heading is to disavow Native American Rel-igion as a pagan religion, and thus attempt to disregard it as a viable religion. TDCJ's Chaplaincy, which is a Department of the TDCJ Agency seems to believe it doesn't have to acknowledge the RLUIPA & RFRA, and for that reason they are mak-ing it a case-by-case scenario having only Native American Indians having to show and prove themselves before they, on an individual basis are allowed to fully practice to the full extent of what Native American Heritage, Culture & Customs are all about.

Fain believes what is actually taking place within the TDCJ Chaplaincy which actually falls under the heading of Rehabilitative Program Services, is they are supporting a TDCJ policy and practices instead of assisting and supporting the Offender population.  Islam, Judaism are National recognized and supported Religions.  Both of these religious groups have Nation support, they have serious backing.  Other similar Nation Support Groups are the LBGTQ, the Rainbow Groups, and Black Lives Matter.  TDCJ is watched by these Groups, and thus they permit Muslims, Jewish & Gays to grow their beards, gay's their hair and allow transgenders to wear make-up, and access to bras for support.

Native American Indians are a very small, ethnic minority, thus TDCJ isn't under any type of "outside support group pressures."  The only way a Native American is afforded any religious recognition and TDCJ adhering to that recognition is when the Federal Courts hear cases of Religious Freedom Violations under the 1st & 14th Amendments to the United States Constitution.  When the Federal Court intervenes, TDCJ has to listen, has to do what is right, and by the law.  TDCJ is inflexible, doesn't want to change, Goodman, supra was decided on January 24th 2019.  On page 23 of the Court's Opinion, Conclusion, the Court states:

> "For the reasons set out above, Plaintiffs are entitled to
> judgment against Defendant enjoining TDCJ from enforcing its
> male grooming policy against Plaintiffs with respect to the
> rules preventing inmates from growing their hair long and
> wearing it loose..."

This Opinion is almost 2 years old, and TDCJ has not in any way shape or fashion made any attempt to amend this Policy, it is still in affect to date.

In Cole v. Fulcomer, 588 F.Supp. 772,774 states in part; The 1st Amendment provides that the Government shall not prohibit the Free Exercise of Religion. Cantwell v. Connecticut, 310 U.S. 296, 303, 60 S. Ct. 900, 903; An individual can claim protection under the Free Exercise Clause only for sincerely held beliefs properly characterized as Religious."

The Equal Protection Clause of the 14th Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  Cleburne v. Cleburne Living Center, 473 U.S. 432, at 473; Plyler v. Doe, 457 U.S. 202, at 216; Cunningham v. Beavers, 858 F.2d 269, at 272.

In the instant cause, TDCJ allows the Offenders of the Goodman, supra, case to grow their hair long and loose in accordance to their collective religious beliefs, yet Fain, having the same issue, same claim, is being denied the same allowance due to the fact that; 1) He wasn't a party to the original suit. 2) It wasn't a Class Action proceeding, thus excludes all other similarly situated until such time they, on a case-by-case basis bring the same issues & claims into the appropriate Federal Court.

Fain advances his claim to pursue this matter into this Honorable Court pursuant to the RLUIPA 42 U.S.C. § 2000-cc-1, here Congress enacted the RLUIPA to provide a braod protection for religious liberty.

In Holt v. Hobbs, 135 S. Ct. 853, at 859,(2015), it provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution...even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person - 1) is in furtherance of a compelling governmental interest; and 2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000-1.  The RLUIPA protections are expansive and are to be construed broadly to favor the maximum religious liberty appropriate in an institutional setting. Holt, 135 S. Ct. at 860.

In the instant cause, Fain isn't asking for anything more than the right to practice his religion as is related to his Heritage, Culture & Customs of the Native American people.  Fain isn't asking for anything more that hasn't

already be heard by a Court of equal authority as this Honorable Court, and has been allowed by TDCJ itself for Offenders Goodman, Cobbs & Casey.  Alabama & Coushatta Tribes v. Big Sandy School District, 817 F.Supp. 1319, at 1329, "The 14th Amendment mandates similar treatment under the law for thos who are similarly situated.  See Peyote Way Church Of God, Inc., v. Thornburgh, 922 F.Supp. 1210, at 1214; Cunningham, 858 F.Supp. at 272.

Fain doesn't wish to have to choose between his religion or a disciplinary action/record.  To date Fain has an excellent disciplinary record, only one disciplianry case in 16 years.  In Williams v. Bitner, 359 F.Supp. 370, at 376, in part states; Williams was placed in the unevieable position of choosing between punishment by prison officals or observance of religious teachings.  This the Court stated is the type of choice that the RLUIPA was enacted to prevent.

The Fifth Circuit's standard for determining if a burden is substantial in RLUIPA, cases is that a restriction  "either (1) influences the [prisoner] to act in a way that violates his religious beliefs; or (2) forces the [prisoner] to choose between, on one hand, enjoying some generally available, non-trivial benefit. and, on the other hand, following his religious beliefs." Adkins v. Kaspar, 393 F.3d 559, at 570(5th Cir. 2009).

CONCLUSION

Fain is asking this Honorable Court to allow him the same right to practice his religion, as his Heritage, Culture & Customs dictate, to be allowed, as others are allowed to express their religious beliefs, i.e. beards & growing their hair, and the wearing of religious symbols, i.e. Crosses, Cresent Moon, Odinist Hammer.

Furthermore, Fain is asking that if TDCJ doesn't settle this matter informally that Fain is requesting;

        1) A jury Trial;
        2) That he be appointed appropriate Counsel for representation;
        3) That a Temporay Injunction be granted until the matter is resolved.

If TDCJ does resolve this matter informally, and allows Fain to grow his

hair long & to wear it loose, Fain respectfully requests that this Honorable Court take Judicial Notice of this fact, and issue a mandate to prohibit TDCJ from later on recinding that allowance/permission.

Signed on this, the <u>24th</u> day of November, 2020.

Roger Eugene Fain, Plaintiff Pro Se

<u>VERIFICATION & UNSWORN DECLARATION</u>

I, Roger Eugene Fain, TDCJ-CID #00700474, presently incarcerated at the John B. Connally Unit, Karnes County, Kenedy, Texas, declare under penalty of perjury, that according to my knowledge and belief, that the facts in the fore-going Document are true and correct.

Respectfully Submitted,

Roger Eugene Fain
TDCJ-CID #00700474
John B. Connally Unit
899 FM 632
Kenedy, Texas 78119-4516

# Texas Department of Criminal Justice

## STEP 1

**OFFENDER GRIEVANCE FORM**

Offender Name: ROGER FAIN   TDCJ # 700474

Unit: J.B. CONNALLY   Housing Assignment: 19 Y-087

Unit where incident occurred: CONNALLY

**OFFICE USE ONLY**

Grievance #: 2021010196

Date Received: SEP 2 4 2020

Date Due: 11-03-2020

Grievance Code: 102

Investigator ID #: I1978

Extension Date: 12-13-2020

Date Retd to Offender: NOV 0 5 2020

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? CHAPLAIN, I-60   When? 09-22-2020

What was their response? I WAS NOT APPROVED TO GROW MY HAIR

What action was taken? NONE

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

ON SEPT. 10TH, 2020, I WAS REASSIGNED TO THIS UNIT BASED ON MY RELIGION, NATIVE AMERICAN. OVER THE PAST SEVERAL DAYS, I HAVE BEEN CONFRONTED BY OFFSITE OFFICERS WORKING OVER TIME CONCERNING MY HAIR. I EXPLAINED THAT I AM A NATIVE AMERICAN, AND A FEDERAL COURT, SOUTHERN DISTRICT OF TEXAS, RESOLVED THIS ISSUE. I WAS TOLD THIS WASN'T TRUE, AN I WROTE THE CHAPLAIN, HE STATED THAT THE NATIVE AMERICAN LAW SUIT "WAS NOT" A CLASS ACTION LAW SUIT, AND EVEN THO I AM RECOGNIZED AND DESIGNATED NATIVE AMERICAN BY STATE CLASSIFICATION COMMITTEE AND TDCS-CID, I STILL CANNOT PRACTICE MY RELIGIOUS BELIEFS TOTALLY BECAUSE I STILL HAD TO ABIDE BY TDCJ-CID GROOMING STANDARDS. I NOW MUST BEGIN FROM THE GRIEVANCE PROCEDURE FORWARD, TO TAKE THIS MATTER INTO FEDERAL COURT, IRONICALLY THE SOUTHERN DISTRICT, THAT GRANTED RELIEF IN THE ORIGINAL CASE IN JANUARY OF 2019.

MY ISSUES WILL BE A VIOLATION OF THE 1ST AMENDMENT TO THE US CONSTITUTION, FREEDOM OF RELIGION; VIOLATION OF THE 14TH AMENDMENT TO THE US CONSTITUTION, EQUAL PROTECTION OF THE LAW, I.E. TDCJ-CID CANNOT TREAT ONE OFFENDER DIFFERENTLY WHEN THEY ARE SIMILARLY SITUATED, EVEN THE RUIZ OPINION STATES THIS, ALSO IN THE MUSLIM RELIGIOUS BOARD CASE A FEW YEARS AGO

**I-127 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

It makes no sense to allow 3 individuals to grow their hair for religious reasons, and denying hundreds of others of the same religion. All I am asking is to be allowed to practice my religion, religious freedom, in its entirety.

If this matter is left unresolved, I'm sure that the federal court will allow the next proceedings to become class action for all TDCS-CID offenders similar to what happened with the beards.

Action Requested to resolve your Complaint. I would like to be allowed to grow my hair in accordance with my religion, without harassment, threats & retaliation

Offender Signature: _Kojo Fair_          Date: 09-23-2020

**Grievance Response:**

Your request has been forwarded to Huntsville for processing. There is no further action warranted by this office.

_____ Assistant Warden J. Cirone

Signature Authority: _____          Date: 11/5/2020

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

| Step 1 | ☒ | Grievance # | Offender Name | TDCJ # | Unit |
|--------|---|-------------|---------------|--------|------|
| Step 2 | ☐ | 2021010196 | Fain, Roger | 700474 | CY |



# Texas Department of Criminal Justice

## *NOTICE OF EXTENSION*

## *Offender Grievance Office*

In accordance with the procedures outlined in BP-03.77, "Offender Grievances," and AD-03.82, "Management of Offender Grievances,", you are hereby notified that additional time is necessary to complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☒ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 1 grievance.

**Step 2 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your Step 2 grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

| R. Guerra/Investigator II | 11-03-2020 |
|---------------------------|------------|
| Name and Title | Date |

**Original – Send to the Offender**
Copy – Attach to the Grievance

Texas Department of Criminal Justice

# STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance # 2021027245

Date Received: NOV 02 2020

Date Due: 11·17·2020

Grievance Code: 930-508

Investigator ID #: 1·1733

Extension Date: _____

Date Retd to Offender: NOV 1 8 2020

Offender Name: __Roger Fain__          TDCJ # __00700474__

Unit: __J.B. Connally__     Housing Assignment: __19 Y - 087__

Unit where incident occurred: __19 Building Entry__

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? __Sgt. Julio Martinez__                         When? __10/30/20__

What was their response? __Told me to get a haircut, and threatened disciplinary action__

What action was taken? __None__

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Coming back from p.m. chow, Sgt. Martinez, who was working 19 Building told me that I was to get a haircut, he asked me where I lived, what cubicle, I told, then inquired about the rule being lifted for us to wear masks, he told me that I was still having to wear a mask, but I wa going to get a haircut. I stated to Sgt. Martinez that 1) I was Native American and my religi didn't permit me to cut my hair, and that I was in the process in resolving this matter with Huntsville, the Unit & Regional Chaplaincy. He told me he didn't care what religion I was I was going to get my haircut. Then2) I reminded Sgt. Martinez that TDCJ, the Unit, and in fact the entire Country was practicing social distancy, and for me to get a haircut I would have to remove my mask, in violation of TDCJ & the Unit's IOC's that are posted, and in fact Sgt. Mar- tinez first thing this a.m., came onto the dorm and threatened to lock the dorm down for 23 hours if he caught anyone without a face mask on.

It is my belief that Sgt. Martinez will violate my Constitutional Rights, as well as violate posted TDCJ & Unit Directives by attempting to force me to cut my hair, and when I stand up and assert my rights to receive disciplinary action.

This matter is in Huntsville, Regional Chaplaincy Office, and in the Western District Federal Court in San Antonio. I have repeatedly attempted to resolve this matter informally, and what is going on is I'm being harrassed, hassled, and threatened with retalitory disciplinary actio because I am asserting my right to practice my religion, and secondly not wishing to remove my mask to get my hair cut due to the COVID 19 Virus. I am 66 years old, and have some health issues, and all Sgt. Martinez is concerned about is attempting to enforce rules that are not enforceable due to the COVID pandemic.

---

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM        (OVER)

Appendix F

Copy to the United States District Court, Western District of Texas, 655 East Cesar E. Chavez
Blvd., Suite G-65, San Antonio, Texas   78206

Action Requested to resolve your Complaint.
Would like to be left alone from being harassed concerning my hair lenght until such time the
matter is resolved in Huntsville, State Classification, and the Federal Court.

Offender Signature: _____ Date: 10/30/20 Mailed 5:48PM

Grievance Response:

   Your complaint has been reviewed.  All offenders are required to maintain and follow tdcj grooming standards
according to policy.  The unit barbers are taking all precautions necessary when conducting offender haircuts.
No further action is warranted from this office.

Signature Authority: _____    Senior Warden Rayford   Date: 11-18-20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

Returned because:        *Resubmit this form when the corrections are made.

☐ 1.  Grievable time period has expired.
☐ 2.  Submission in excess of 1 every 7 days. *
☐ 3.  Originals not submitted. *
☐ 4.  Inappropriate/Excessive attachments. *
☐ 5.  No documented attempt at informal resolution. *
☐ 6.  No requested relief is stated. *
☐ 7.  Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8.  The issue presented is not grievable.
☐ 9.  Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Rec'd 11-18-2020

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### Request for Religious Accommodation

| Offender Name: Roger Eugene Fain | TDCJ #: 00700474 | Date: 03/17/2020 |
|---|---|---|

| Unit: Mark W. Stiles | Housing: AD 3-60B |
|---|---|

**Attach additional papers as needed**

**1. What is your faith preference?** Native American Indian / Choctaw

**2. What is the specific accommodation that you are requesting? (Please be specific)**

A. To be allowed to grow my hair in accordance with my religious beliefs and those of my people without harassment/retaliatory actions by TDCJ-CID

B.

C.

D.

**3. What is the basis for your requested religious accommodation? (How your request is supported by the writings or traditions of your religion – please be specific)**

A. Long hair allows for my ancestors to recognize that I am of the true belief and faith of my commitment to worship in the faith of my people

B. Until such time that I am allowed to pursue my religious beliefs to the fullest, I am unable at this time to properly explain all of my reasoning due to the fact that I do not have access to any writings, or traditions.

C. My authority is based on the United States District Court, Southern District of Texas ruling in January 2019, Goodman v. Davis, that allows those

D. who are Native American to grow our hair.  Furthermore

Aricle 1, Section 6, Texas Constitution; First Amendment to the United
States Constitution; Fourteenth Amendment to teh United States Constitu-
States tion.

**4. Who are the religious authorities who can verify this request?**
Please provide name, title, address, phone, fax, and email of religious authorities:

| 1) Name/Title: N/A | At this time I am unable to commit here because I have |
|---|---|
| Address: | no access to just who, what title, address, who could better guide me in my path of true religious fulfill- |
| Phone, fax, email: | ment, because the Mark W. Stiles Unit doesn't have any of the necessary accommodations that my religion re- |
| 2) Name/Title: | quires, medicine bag; Eagle feather; Pray Circle. |
| Address: | |
| Phone, fax, email: | |

| Offender Signature: Roger Eugene Fain/ _Roger Eugene_ | Date: March 17th 2020 |
|---|---|

****COPY REQUESTED****

AD-07.30 (rev. 7)
**Attachment B**
**Page 10 of 11**

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### Religious Practice Issue Assessment

| | | |
|---|---|---|
| Offender Name: | TDCJ #: | Date: |
| Unit: | Housing: | |

Offender's faith preference on the SSNO screen and travel card:

1. Clearly state the offender's request for a religious accommodation:

2. Assess the requested accommodation as part of the offender's faith preference:

   A.  Offender interviewed:  Yes ☐   No ☐   Date of interview:

   B.  Summary of offender interview:

   C.  Does the offender's faith preference (as listed on the SSNO screen and travel card) require the object or practice?  Yes ☐  No ☐

   D.  Has the offender provided any reference to textural religious authority or sacred writings in support of the requested accommodation?    Yes ☐    No ☐    If yes, list and summarize:

   E.  List and summarize any other references to textural religious authority or sacred writings gathered from research:

   F.  Were you able to verify a religious requirement? Yes ☐    No ☐

   G.  Was a religious authority contacted?        Yes ☐    No ☐

   H.  Please provide name, title, address, phone, fax, and email of religious authorities contacted:

Name/Title:

Address:

Phone, fax, email:

Name/Title:

Address:

Phone, fax, email:

   I.  Summarize religious authorities' perspective on the requested religious accommodation:

*194-87*

AD-07.30 (rev. 7)
Attachment A
Page 9 of 11

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Request for Religious Accommodation
00700474

*10/1*

Roger Fain

| Offender Name: Roger Fain | TDCJ #: 00700474 | Date: 10/01/20 |
|---|---|---|

| Unit: John B. Connally | Housing: 19 Building Y-Dorm  087 |
|---|---|

**Attach additional papers as needed**

**1. What is your faith preference?** Native American / Choctaw

**2. What is the specific accommodation that you are requesting? (Please be specific)**

*DNOTE ABC*

*ALRADY HAS ① SRRUSE ② CONTACT CHAP*

(A) To pursue my heritage, to learn who I am, where I come from, and the people that I come from.

(B) To attempt to practice a way of life from the time it was a religious way to pursue nature.

(C) To speak to those that practice the native american ways and religions, to better understand who is apart of my spiritual being.

*LEAVE THIS.*

D. Long hair has always been a way of life for many Native American Tribes, it was a sign of pride, repect, and in times of sorrow was cut to show a way of mourning for those that have passed on.  It a religious practice to cut ones hair for a number of reasons.

**3. What is the basis for your requested religious accommodation? (How your request is supported by the writings or traditions of your religion — please be specific)**

A. I cannot support my request for religious accomodation because even though I am aware that my family comes from Native American background, I was not taught the right path to take, but now I seek it.

B. I wish to be instructed so that I can be a proper Native American to where I do honor to those in my family that were Native American originally.

C. I wish to learn...

D.

**4. Who are the religious authorities who can verify this request?**
**Please provide name, title, address, phone, fax, and email of religious authorities:**

*NO RELGOS AUTORES*

| 1) Name/Title: | My grandparents are dead, my mother, aunt, uncles, those that could have helped me are all gone |
|---|---|
| Address: | |
| Phone, fax, email: | |
| 2) Name/Title: | I wish to seek out those who are in the know about my heritiage, at this time I have no authorities to cite. |
| Address: | |
| Phone, fax, email: | |

| Offender Signature: *Roger Fain*   00700474 | Date: 10/01/2020 |
|---|---|

SEE ATTACHED PAGE

**TEXAS DEPARTMENT
OF CRIMINAL JUSTICE**

OCT 2 6 2020

**RPD CHAPLAINCY
ADMINISTRATION**

194-87

AD-07.30 (rev. 7)
Attachment A
Page 9 of 11

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### Request for Religious Accommodation
00700474

| Offender Name: Roger Fain | TDCJ #: 00700474   Date: 10/01/20 |
|---|---|
| Unit: John B. Connally | Housing: 19 Building Y-Dorm 087 |

**Attach additional papers as needed**

**1. What is your faith preference?** Native American / Choctaw

**2. What is the specific accommodation that you are requesting? (Please be specific)**

A. To pursue my heritage, to learn who I am, where I come from, and the people that I come from.

B. To attempt to practice a way of life from the time it was a religious way to pursue nature,

C. To speak to those that practice the native american ways and religions, to better understand who is apart of my spiritual being.

D. Long hair has always been a way of life for many Native American Tribes, it was a sign of pride, repect, and in times of sorrow was cut to show a way of mourning for those that have passed on. It a religious practice to cut ones hair for a number of reasons.

**3. What is the basis for your requested religious accommodation? (How your request is supported by the writings or traditions of your religion – please be specific)**

A. I cannot support my request for religious accomodation because even though I am aware that my family comes from Native American background. I was not taught the right path to take, but now I seek it.

B. I wish to be instructed so that I can be a proper Native American to where I do honor to those in my family that were Native American originally.

C. I wish to learn...

D.

**4. Who are the religious authorities who can verify this request?**
**Please provide name, title, address, phone, fax, and email of religious authorities:**

| 1) Name/Title: | My grandparents are dead. my mother, aunt, uncles, those that could have helped me are all gone |
|---|---|
| Address: | |
| Phone, fax, email: | |
| 2) Name/Title: | I wish to seek out those who are in the know about my heritiage, at this time I have no authorities to cite. |
| Address: | |
| Phone, fax, email: | |

| Offender Signature: | 00700474   Date: 10/01/2020 |
|---|---|

SEE ATTACHED PAGE

**TEXAS DEPARTMENT
OF CRIMINAL JUSTICE**

OCT 26 2020

**RPD CHAPLAINCY
ADMINISTRATION**

*(handwritten left margin: Case w/in correct)*

| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | | |
|---|---|---|
| Religious Practice Issue Assessment | | |
| Offender Name:  Fain, Roger | TDCJ #:  700474 | Date: 10/15/20 |
| Unit: Connally | Housing:  19Y-87 | |
| Offender's faith preference on the SSNO screen and travel card: Native American | | |

1. Clearly state the offender's request for a religious accommodation:
   Grow long-uncut hair.  *So WR?* *(handwritten)*

2. Assess the requested accommodation as part of the offender's faith preference:

   A. Offender Interviewed:   Yes: XXXX   No:   Date of interview: 10/15/20

   B. Summary of offender interview:   Offender wants to grow long-uncut hair.  He believes it was a way of life for Native American Tribes.  He also believes it was a sign of pride, respect, and in times of sorrow was cut to show Mourning for someone who had passed.

   C. Does the offender's faith preference (as listed on the SSNO screen and travel card) require the object or Practice?   Yes:     No: XXX

   D. Has the offender provided any reference to textural religious authority or sacred writings in support of the requested accommodation?  If yes, list and summarize.   Yes:     No: XXX
   Offender states "I cannot support my request for religious accommodation because even though I am aware my family comes from a Native American background, I was not taught the right path to take.

   E. List and summarize any other references to textural religious authority or sacred writings gathered from research:
   Too many tribes long hair gives the personal identity, strength, promotes self-esteem, self-respect, a sense of Belonging, and a healthy sense of pride (Sister Sky, 2019).  The Significance of Hair In the Native American Culture.  Retrieved from https://sistersky.com/blogs/sister-sky/the-significance-of-hair-in-native-american-culture.

   F. Were you able to verify a religious requirement?   Yes:     No:   XXXX

   G. Was a religious authority contacted?   Yes: XXXX   No:

   H. Please provide name, title, address, phone, fax, and email of religious authorities contacted.

| Name:  Richard "Van" Wormer | Title: Retired Native American Contract Chaplain for TDCJ. |
|---|---|
| Address: | 408 E. Prairie St., Cuero, Texas  77954 |
| Phone, Fax, email: | H (361) 277-9369; iamravan@aol.com |
| Name: Raul Adrade | Title: Current Native American Contract Chaplain for TDCJ. |
| Address: | NA |
| Phone, Fax, email: | H (713) 470-7206 O (832) 747-3050 |

   I. Summarize religious authorities perspective on the requested religious accommodation:

   Both "Van" and Chaplain Andrade stated they had never heard that growing long hair was for any spiritual purposes

   rather for only those reasons stated above; personal identity, strength, promotes self-esteem, self-respect, a sense of

   Belonging and a healthy sense of pride.  Chaplain Andrade stated "many "free-world" Native American believers have Short hair."

AD-07.30 (rev. 7)
Attachment A
Page 9 of 11

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### Request for Religious Accommodation

| | | | | | |
|---|---|---|---|---|---|
| **Offender Name:** Roger Fain | | **TDCJ #:** 00700474 | **Date:** Oct 28, 2020 | | |

**Unit:** John B. Connally   **Housing:** 19 Building Y-Dorm Bunk 087

*Attach additional papers as needed*

**1. What is your faith preference?** Native American Indian - Choctaw

**2. What is the specific accommodation that you are requesting? (Please be specific)**

A. I wish to identify myself as a Native American Indian, specifically a
Choctaw. I wish to be allowed to grow my hair to length based on what I
B. believe are the teachings of my religion, that long hair is an extension
of ones soul. When there is a personal choice between one growing their
hair long, and wearing traditional clothing, or wearing short hair and
C. wearing a suit & tie that is based upon personal perference, and should
not be a decision made by others in authority based on what they believe
D. is proper. Hair worn long identifies one as being of Native American be-
liefs, it is also a sign of who one is individually and often times to id-
their tribe, and their beliefs. Hair is also used at times to illustrate
a persons respect for pain & sarrow when one is in mourning.

**3. What is the basis for your requested religious accommodation? (How your request is supported by the writings or traditions of your religion – please be specific)**

A. Is there documentation available to me to support my request for long hair
no, but I am contacting those outside that will help me to understand who
B. I am.
In the King James Version of the Holy Bible, long hair for men is mentioned
Numbers 6:5
C. Religious Land Use & Institutionalized Persons Act (RLUIPA)
Religious Freedom Restoration Act (RFRA)
D. The Equal Protection Clause directs that all persons similarly circums-
tanced shall be treated alike; it does not require classes of people dif-
ferent in fact or opinion to be treated in law as though they were the same.

**4. Who are the religious authorities who can verify this request?**
**Please provide name, title, address, phone, fax, and email of religious authorities:**

| 1) Name/Title: | The Choctaw Nation Of Oklahoma Tribal Membership |
|---|---|
| Address: | P.O. Box 1210  Durant, Oklahoma 74702 |
| Phone, fax, email: | 800-522-6170 |
| 2) Name/Title: | |
| Address: | |
| Phone, fax, email: | |

**Offender Signature:** *Roger Fain 700474*   **Date:** October 28th 2020

SEE ATTACHMENT

I have recently contacted by mail the Choctaw Nation of Oklahoma, Tribal Membership in Durant, Oklahoma. I found there address by contacting and receiving a reply back from the Bureau of Indian Affairs in Muskogee, Oklahoma.

I have seen the previous & present Native American Chaplains responses to my Request For Religious Accommodation, and wasn't surprised to see that both of these TDCJ Chaplains were more pro TDCJ than actually in favor of supporting a minor groups religious beliefs. It is obvious that neither Chaplain was in agreement with Native American beliefs pertaining to long hair, when it has been a part of the Native American Indians that their hair is a part of their souls, an extension of who and their people are.

Chaplain Andrade stated that "many free-world" Native American believers have short hair, he doesn't state that all Native American believers have short hair only many, how many I guess really is the question.

I mention Chaplain Andrade again as interpretation of what I believe is my Religion, "Personal Identity, Strength, Self-esteem, a sense of Belonging, and a sense of Pride, isn't that all about one's belief in his Religion??

Chaplain Andrade in Section F was asked if he was able to verify a Religious Requirement?? He stated "No" which is understandable due to who he works for and who he has to answer to, TDCJ. But beyond my religious beliefs, and my request to grow my hair long because of my beliefs, their is one other authority that needs to be addressed, and that is the United States Federal District Court for the Southern District of Texas, Corpus Christi Division, in their January 24th 2019 decision in the Goodman v. Davis giving the parties to that suit the right to grow their hair based on their Native American Religious beliefs.

As stated at the Unit level, because it was not a Class Action Lawsuit, it did not give others the right to grow their hair, and because of that I am being denied permission to grow my hair long. Here I would like to point out that in the matter of the Muslims being allowed to grow their beards based on their religious beliefs was not a Class Action Lawsuit either, now "anyone" can claim religious beliefs and ask permission to grow their beards.

Here is my direction concerning this point, TDCJ and the Chaplaincy by denying me permission based upon religious grounds to grow my hair after the Federal Court granted others the right is now discriminating against a minority group, Native American, violating the Ruiz decision, and in violation of the 1st and 14th Amendments to the United States Constitution. TDCJ is deliberately indifferent to the needs and requirements of the Native American minorities.

Roger Eugene Fain, TDCJ-CID #00700474

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory, supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _CHAPLAIN_ _____   DATE: _10-09-20_
(Name and title of official)

ADDRESS: _CONNALLY UNIT - CHAPEL_ _____

SUBJECT: State briefly the problem on which you desire assistance.

_CHAPLAIN_
_10-02 YOU SEEN ME CONCERNING MY GRIEVANCE, (NATIVE AMERI-_
_CAN), YOU ASKED ME TO FILL OUT AND RETURN TO YOU A RE-_
_LIGIOUS ACCOMODATE ACCOMMODATION, THIS I DID, SENT YOU_
_AN I-60 ASKING IF I COULD RECEIVE A COPY OF IF FOR MY_
_RECORDS, HAVEN'T HEARD BACK_
_WOULD YOU PLEASE NOTIFY ME OF MY STATUS WITH YOU, AND_
_WHERE I ACTUALLY STAND AS A CONNALLY UNIT OFFENDER_
_AND MY GRIEVANCE OVER THE HAIR ISSUE._
_THANK YOU_

Name: _ROGER FAIN_   No: _700474_   Unit: _CY_

Living Quarters: _19 Y-087_   Work Assignment: _11S MOD. SO #1_

DISPOSITION: (Inmate will not write in this space)

_YOUR REQUEST HAS BEEN FORWARDED TO THE GREGORY_
_CHAPLAIN'S OFFICE. I WILL LET YOU KNOW WHEN WE NEED_
_SOMETHING ELSE._

_REC'D 10-12-20_

☆I-60 (Rev. 11-90)

October 15th 2020

Chaplain Casey Kellum
Region 4 Chaplaincy
Beeville, Texas

RE:  Religious Accommodation

Chaplain Kellum,

I understand from Unit Chaplain Briley that he submiited my Step-1 Grievance to you, and I assume his recommendation, which he hasn't shared with me.

Chaplain Kellum, I am requesting to be allowed to practice my Native American relgion, pursuant to Heritage, Culture, Customs of the Native American Tribe that I am related to, Chowtaw Nation.

I have been in TDC for 26 years, I have am excellant disciplinary reoord and I wish to continue that record.  I am asking to be allowed and afforded the same privilege to grow my hair as Casey, Hobbs & Goodman are allowed to donon the McConnell Unit by order of the Southern District Court in Corpus Christi.

Chaplain Briley has stated to me that because the Goodman v. Davis case was not a Class Action lawsuit, they, as the sole parties allowed the privilege to practice their reglion in it's totality, i.e. grow their hair out.

You are the Senior Chaplain in region 4, and I am not citing any laws or religious doctrine at since you are aware of it, and that is the fact that the lawsuit brought by the Muslim's was not a Class Action concerning the growth of their beards for religious reasons.

Due to this lawsuit of the Muslim's, now anyone in TDC can claim, for religious reasons, to be allowed to grow their beards.  Muslims, Jews, Paganists, Shik, etc,,  TDC allows them to grow their beards.

I have also noticed on the Stiles Unit where I was for a year, and now heer on Connally, that TDC is permitting Transgenders to wear bras, and grow their hair out, without the benefit of even going to Federal Court about it.  It is Sir, my belief that TDC allows the Muslim & Jewish communitits to grow their beards, and the Transgender's to wear bras & grow their hair out due to, not any legal pressure, but pressure from outside of TDC from their respected support groups.  This tells me one thing about TDC & the Native American groups in here, that we do not have the type of support to seriously have TDC consider our growing our hair out.

This brings me to this conclusion, under law, that TDCJ-CID, by denying us that believe in the Native American Indian practices of religious freedom, i.e. growing out hair, smoking the pipe, and fellowship of others in our circle, that

there are knowingly, intentionally, with deliberate indifference to a minority group are violating our, Constitutional Rights guaranteed by the Texas & United States Constitutions.

TDCJ-CID is in voilation of the Ruiz ruling were one Offender cannot be treated differently than another. This is also the 14th Amendment of the United States stating that no citizen can be treated differently when they are similarly situated, thus by allowing three offenders, Casey, Hobbs & Goodman to grow their hair, but denying me, even when I claim the same religious beliefs, is denying me my 1st Amendment right of freedom & expression of religious practice. Also, TDC is now violating my rights as a minority, racial & ethnic discrimination.

Chaplain Kellum, I am not attempting to make any religious or political statement or stand, all I am asking of you is to recommend to the powers that be to allow me, individually, to grow my hair out as Casey, Hobbs & Goodman are allowed by the Court Order.

Furthermore, if I can make a suggestion, request TDC Classification to transfer me over to the McConnell Unit where they already have Offender's with their hair grown out, thus doesn't raise any concerns. McConnell also has a very large Native American Indian group, and pray circle.

I am only asking for what I believe is permitted for me, if Huntsville wishes to not allow it, I will pursuant the matter back into the Federal Court, where it's already been determined, and granted. But Chaplain Kellum, I will pursuant it as a Class Action Claim, and TDC will once again lose the case.

No threats Chaplain Kellum, just wish to be allowed what is allowed, and to be left alone to do my time. If you ckeck into my record in TDC, you will see I am not someone who is in their radar, but in fact below it, I find a place to be and stay there.

Your assistance, understand, and recommendation for consideration would be appreciated. Thank you for your time and patience in this matter.


Respectfully,



Roger Palm  TDCJ-CID #00700474
John B. Connally Unit
899 FM 632
Kenedy, Texas  78119-4516


CC  file  Attorney Robert Daniel, Austin, Texas

October 22nd 2020


Chaplain Casey Kellum
Senior Chaplain Region 4
Beeville, Texas

RE:   REQUEST FOR RELIGIOUS ACCOMMONDATION

Chaplain Kellum,

I submitted a letter to you through Chaplain Briley, but haven't had any
response to that letter.

I'm writing to voice my concern about an indident that happened on October
20th with Chaplain Briley.  He came to the dorm with a blank Request For Religious
Accommondation, I asked him what happened to the one I submitted on 10/02, he
stated that it was re-typed, and needed my signature.  After thinking about it
I realize that I made a serious snafu in judgment signing & dating a blank page.

Chaplain my belief is that your not getting the entire picture of what is
happening.  When I submitted my 10/02 Religious Accommodation, I asked for a
copy and was told by Chaplain Briley that I wasn't entitled to it, not until a
decision was reached, thus I have no file copy of that Accommodation as I do
of one that I filed in March of 2020 while on the Stiles Unit.  I was told by
Chaplain Briley that there is no record of that paperwork having been filed.

Chaplain Briley has stated to me that because the Goodman v. Davis lawsuit
that was settled on January 24th 2019, add TDCJ withdrew it's appeal of that
decision in July of 2019, that since I was a party to the suit I was not permitted
to grow my hair.  Chaplain Kellum, the Muslim offenders as well as others are
allowed to grow their beards for religious reasons, even Pagan's are allowed,
that lawsuit was not a class action lawsuit, and even if it were, then only the
Muslim offenders would be allowed to grow their beards, yet TDCJ allows every-
one to do so, with Administrative permission.

Sir what I see happening here is this, since Native Americans are a small
minor of TDCJ, with little of no outside support, TDCJ and the Agencies Chap-
laincy are 1) Discriminating against a Race & Ethnic Group; 2) Violating the
1st & 14th Amendments to the United States Constitution; 3) Violating the Ruiz
decision where it states that a offender cannot be treated differently than
another offender.  If I cannot resolve this informally, I will take it into the
Federal Court.

Sincerely,

October 22nd 2020

TDCJ - Religious Services Department
Huntsville, Texas

RE:  DENIAL & DISCRIMINATION OF A MINOR GROUP TO PRACTICE IT'S RELIGION

To Whom It May Concern,

I have made a number of attempts to resolve this matter informally prior
to going into the Federal Court with a Lawsuit that has already been decided
in the Southern District Court, Coppus Christi, Texas, on January 24th 2019,
the Goddman v. Davis.  This suit concerned Native American Indians.

I have written to this Department several times in the past, I have tried
to work this out thru the Chaplain on Unit, and to Region 4 Chaplaincy, to date
my inquiriesshave for the most part been ignored, of altered.

On March 17th 2020, while on the Stiles Unit I submitted a Request For Re-
ligious Accommodation,(A.D.-07-30 Attachment A), I was told that it never made
it into the proper file/records.  On October 2nd 2020, on the Connally Unit I
once again resubmitted a Religious Accommondation Form to the Unit Chaplain, a
Chaplain Briley.  I asked for a copy, he told me that I had to write to this
Department for one.  Then on October 20th 2020, Chaplain Briley returned with a
blank Form, and told me to sign it and date it, I asked what happened to the
one from October 2nd, he told me that they retyped it, and needed a signature,
this was a black Accommondation Form.

I was told that because the Goddman v. Davis lawsuit wasn't a class action
case, I could not grow my hair.  This seems a little off, since several years
ago the Muslims filed a lawsuit, non-class action, it was granted, thus with Ad-
ministrative permission, anyone, including Pagans can grow their beards.  Even
if this was a class action case, then only the Muslims would be allowed to grow
their beards for Religious reasons.

I wish to bring to the attention of this Department the following, by deny-
ing me, and other Native Americans the right to grow their hair, TDCJ is in
violation of the 1st & 14th Amendments to the United States Constitution, in
violation of the Ruiz decision of the Federal Court, that TDCJ is knowingly, in-
tentionally, with deliberate indifference violating the rights of a minor Race
and Ethnic Group, this violates both State & Federal Laws.

Would like to resolve this matter informally, instead of going into Federal Court.

Sincerely,

Roger Fain, TDCJ-CID #00700474
Connally Unit

October 17th 2020

Choctaw Nation of Oklahoma
Tribal Membership
P.O. Box 1210
Durant, Oklahoma 74702

RE: Requesting Information of the Choctaw Nation

To Whom It May Concern,

My family on my mothers side are all from Oklahoma & Kansas, going back
to the early 1800's, and I am try to see if what I was told many years ago is
true.

My mother is deceased, so is my grandmother, grandfather, and related aunts
and uncles, so I don't have any family that can explain it to me, but I believe
that I had a great, great grandfather, and grandmother that were full blooded
Choctaw.

I have no proof that I am any part Choctaw, but I believe that I could be
and I would like to be apart of a proud, and long culture & heritage that I
believe are the Choctaw Nation.

I would like to receive any kind of educational information of who the
Choctaw people are, where they come from originally, and who they are now, and
where they are now.

I am presently incarcerated in the Texas Penal system, and I would like to
make sure that that is understood in the beginning, so if there is anyone who
might consider assisting me in my education of who I might be isn't broadsided
by the fact I am in a prison.

I appreciate your time and consideration in this matter, thank you.

Respectfully Yours,

Roger Eugene Fain
TDCJ-CID #00700474
John B. Connally Unit
899 FM 632
Kenedy, Texas  78119-4516



# United States Department of the Interior
BUREAU OF INDIAN AFFAIRS
Talihina Agency
P.O. Box 8002
Muskogee, Oklahoma 74402

In Reply Refer To:                                     10/21/2020
Talihina Superintendent

Dear Mr. Fain,

This letter is in response to your request for an address to the Choctaw Nation of Oklahoma in regards to your lineage. Please see the address and contact information below for the Tribal Membership Office of the Choctaw Nation of Oklahoma.

The Choctaw Nation of Oklahoma
Tribal Membership
P.O. Box 1210
Durant, OK 74702
PH: (800) 522-6170

If there are any questions, please contact Mr. Klint Impson, Superintendent, Talihina Agency at 918-781-4622.

Respectfully,

Superintendent

Rec'd 10-26-2020

**UNITED STATES DEPT. OF THE INTERIOR**
BUREAU OF INDIAN AFFAIRS
EASTERN OKLAHOMA REGIONAL OFFICE
P.O. BOX 8002
MUSKOGEE, OK 74402-8002
_Choctaw_

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

TULSA OK 740

23 OCT 2020PM



Roger Fain
TDCJ-CID #00700474
John B. Connally unit
899 FM632
Kenedy, TX 78119-4516

*19Y087*

78119-449199



**Choctaw Nation of Oklahoma**
CDIB & Tribal Membership
PO Box 1210
Durant, OK 74702
_RETURN SERVICE REQUESTED_

neopost
11/03/202
USPOS



Roger Fain 194-8
# 700474
899 Fm 632
Kenedy , TX
78119- 4516

78119844515 R557



Koosoik Pahu
TDCJ-CID#700417N
John B. Connally Unit
899 FM 632
Kenedy, Texas 78119-4516

RECEIVED

NOV 30 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Ms. Jeannette J. Clack, Clerk
U.S.D.C. - W.D.
655 East Cesar E. Chavez Blvd,
Suite G-65
San Antonio, Texas 78206