IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROGER EUGENE FAIN,<br>   *Plaintiff,*<br><br>v.<br><br>BOBBY LUMPKIN, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, *et al.,*<br>   *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:20-CV-01149 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT LIMITED TO THE
DEFENSE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants Bobby Lumpkin ("Lumpkin"), Phonso Rayford ("Rayford"), Casey Celum ("Celum"), Russell Briley ("Briley"), and Raul Andrade ("Andrade") (collectively, "Defendants"), through the Office of the Attorney General of Texas, file this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of their motion, Defendants respectfully offer the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiff Roger Fain ("Fain") is an inmate currently confined at the Clements Unit within the Texas Department of Criminal Justice ("TDCJ"). Proceeding *pro se* and *in forma pauperis*, Fain originally filed this 42 U.S.C. § 1983 lawsuit on September 25, 2020, against Lorie Davis and unidentified John B. Connally Unit administration and staff members. *See* ECF No. 1. On November 30, Fain filed an amended complaint naming Bobby Lumpkin, director of TDCJ's Criminal Institutions Division, the senior warden at the Connally Unit, and three chaplains as defendants. *See* ECF No. 19 at 4. This Court ordered service on Lumpkin on December 8, 2020. ECF No. 20. In his amended complaint, Fain claimed that as a Native American Indian by heritage, he is "in the process of learning [his]

Heritage, Culture, & Customs, one of which is growing [his] hair" and was transferred to the Connally Unit, where he was harassed and told to cut his hair in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). ECF No. 19 at 5. Fain sought injunctive relief in the form of being allowed to grow his hair in accordance with his religion. ECF No. 19 at 5, 15. On January 14, 2021, Lumpkin filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), citing Fain's admission that he did not properly exhaust his administrative remedies prior to filing this lawsuit. *See* ECF No. 24. The Court ordered that Rayford, Celum, Briley, and Andrade also be served as defendants in this action on January 15, 2021. ECF No. 25. Due to the parties' intent to mediate in July 2021, the Court dismissed without prejudice Lumpkin's motion to dismiss "subject to refiling in the event pending mediation proves unsuccessful." ECF No. 52 at 2. The mediation was unsuccessful, and on September 16, 2021, the Court entered a scheduling order in which it set a deadline of April 15, 2022, for the parties to file all dispositive motions. ECF No. 63 at 3. Because the summary judgment evidence and Fain's Original Complaint showed that Fain had not properly exhausted administrative remedies prior to filing his lawsuit, Defendants filed a motion for leave to file an initial summary judgment motion limited to the defense of exhaustion of administrative remedies prior to filing a motion for summary judgment on the merits on March 29, 2022. ECF No. 92. On March 30, 2022, this Court granted Defendants' motion. Defendants' motion for summary judgment limited to the defense of exhaustion of administrative remedies now follows.

## II.

## ISSUE PRESENTED

1. Has Fain properly brought his claim against Defendants when he failed to exhaust his administrative remedies before filing suit?

## III.

## SUMMARY JUDGMENT EVIDENCE

Exhibit 1:   Plaintiff Fain's Grievance Records (Bates stamped Exhibit 1 001-205)

## IV.

## ARGUMENT

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In this lawsuit, Fain has alleged a claim under RLUIPA challenging TDCJ's current grooming policy as it relates to Fain's desire to grow long hair in accordance with his religious beliefs. However, Fain failed to exhaust his administrative remedies prior to filing this lawsuit, which must, therefore, be dismissed pursuant to the PLRA.

1. **Fain failed to exhaust his administrative remedies through TDCJ's offender grievance process and, thus, cannot now bring his claim against Defendants.**

Fain cannot bring his claim challenging TDCJ's current grooming policy against Defendants because he failed to exhaust his administrative remedies as required by the PLRA. "[A] prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Irby v. Nueces Cty. Sheriff*, 790 F. Supp. 2d 552, 557 (S.D. Tex. 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). In detailing the prison grievance process, the Fifth Circuit noted:

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The Fifth Circuit engages a "strict approach" to administrative exhaustion in which "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance

3

process before filing their complaint. . . . Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Here, Fain filed his Original Complaint on September 25, 2020. ECF No. 1. However, in his amended complaint filed on November 30, 2020, Fain included a "Memorandum in Support of a Civil Action pursuant to 42 U.S.C. § 1983" in which he specifically described his failure to complete the grievance process before filing his lawsuit: "Fain also began the process of filing a Grievance, [See Attached Document, Grievance #2021010196]. On 11/03/20, Fain received a Notice of Extension for 40 days, [See Attached Document], yet, on 11/05/20 Fain received the Step-1 back, answered by the Unit, Senior Warden Phonso J. Rayford." ECF No. 19 at 10. In his memorandum, Fain failed to show that he had completed the grievance process by filing a Step 2 grievance and receiving an official, dated response from grievance investigators at the Connally Unit.

The summary judgment evidence also establishes that Fain failed to properly exhaust administrative remedies before filing his suit. While the Step 1 grievance that Fain cites in his memorandum (ECF No. 19)—that is, Step 1 Grievance #2021010196—is present in Fain's grievance records spanning January 1, 2016, through December 12, 2020 (*see* Exhibit 1 at 007-08), conspicuously absent from these records is any Step 2 grievance associated with Grievance #2021010196. *See generally* Exhibit 1. Without a Step 2 Grievance submitted under the same grievance number as Fain's Step 1 Grievance, Fain cannot have satisfied his requirement under the PLRA to have exhausted his administrative remedies prior to filing his federal lawsuit.

Even if Fain had submitted a Step 2 grievance, Fain's lawsuit must be dismissed because he filed his lawsuit on September 25, 2020—only two days after submitting his Step 1 grievance, which was dated September 23, 2020. ECF No. 1; ECF No. 19 at 18; Exhibit 1 at 007-08. Fain, therefore, failed to comply with the PLRA's requirement that he exhaust his administrative remedies prior to

filing a lawsuit in federal court. Because Fain did not satisfy the requirements of the PLRA before suing Defendants, this Court must dismiss his claim against Defendants.

## V.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment and dismiss Fain's claim against them.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General
Texas State Bar No. 24110523
evan.weltge@oag.texas.gov

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / (512) 370-9814 (fax)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, **EVAN W. WELTGE**, Assistant Attorney General of Texas, certify that a correct copy of the foregoing **Defendants' Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies** has been served by placing same in the United States Mail, postage prepaid within one business day of March 31, 2022, addressed to:

Roger Eugene Fain
TDCJ-CID #00700474
William P. Clements Unit
9601 Spur 591
Amarillo, TX 79107
**Plaintiff** *pro se*

/s/ *Evan W. Weltge*
**EVAN W. WELTGE**
Assistant Attorney General